UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-43 |
| | ) | |
| DARIUS ANDERSON, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Anderson's Motion to Review Attorney-Client Relationship [Doc. 20], which was referred [Doc. 21] to the undersigned on July 16, 2010. See 28 U.S.C. § 636(b). The Defendant asks the Court to review the attorney-client relationship with his appointed counsel Jonathan A. Moffatt and to substitute counsel because he does not want Mr. Moffatt to represent him any longer. The parties appeared on July 27, 2010, for a hearing on the motion. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Moffatt represented the Defendant, who was also present.

At the hearing, Mr. Moffatt stated that the Defendant and his family members had contacted Mr. Moffatt and had stated that the Defendant wanted other counsel. Following this, Mr. Moffatt met with the Defendant twice, and the Defendant unequivocally stated that he wanted new counsel. Mr. Moffatt stated that the Defendant was unhappy with the direction in which Moffatt was taking the case. Although the Defendant was polite, Mr. Moffatt stated that the Defendant did not believe that Moffatt had the Defendant's best interest at heart. The Government had no position on the Defendant's request for new counsel.

1

The Court conducted a sealed, *ex parte* inquiry in order to determine the nature and extent of the problems between the Defendant and Mr. Moffatt. Without going into the confidential and private nature of that discussion, the Court concluded that no basis existed for relieving Mr. Moffatt of his representation. The Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. Morris v. Slappy, 461 U.S. 1, 13-14 (1983). A defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." United States v. White, 451 F.2d 1225, 1226 (6th Cir. 1971). Instead, a defendant seeking to substitute appointed counsel for another appointed attorney must show good cause for the requested substitution. Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985); United States v. Davis, 365 F.2d 251, 254 (6th Cir. 1966). Moreover, a defendant is not permitted to use a request for new counsel as a means to delay the proceedings. See White, 451 F.2d at 1226.

When a defendant states that he or she is dissatisfied with his attorney, the Court must examine the defendant's contention to determine if good cause exists to grant substitute counsel. United States v. Vasquez, 560 F.3d 461, 466 (6th Cir.), cert. denied 130 S. Ct. 476 (2009). In assessing good cause, the Court must look to (1) the timeliness of the request for new counsel, (2) the extent of the problem between the attorney and the defendant, including whether the rift is so great that it prevents an adequate defense, and (3) the balance between the defendant's interest in new counsel "'with the public's interest in the prompt and efficient administration of justice.'" Id. (relating the factors considered by the appellate court in evaluating a trial court's denial of new counsel) (quoting United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001)).

After discussing the issue with the Defendant and Mr. Moffatt, the Court readily concludes that the Defendant is not entitled to appointment of new counsel. The Court finds that the Defendant has not shown good cause for substituting his attorney. Mr. Moffatt will proceed as the Defendant's counsel of record. The Defendant is encouraged to make every effort to work with Mr. Moffatt through the remainder of this case. The Defendant's Motion to Review Attorney-Client Relationship [**Doc. 20**] is **GRANTED in part** in that the Court conducted the requested review and **DENIED in part** in that the Court declines to substitute counsel.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge