# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:10-CR-43 |
| ) | (Phillips/Shirley) |
| DARIUS LEE ANDERSON ) | |

## MEMORANDUM AND ORDER

Defendant has been charged in a four-count indictment with robbery of the Rocky Top Market on March 14, 2010; robbery of the Hampton Inn on March 15, 2010, and two counts of brandishing a firearm during the commission of each of these offenses. On June 23, 2011, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 56-page Report and Recommendation (R&R) [Doc. 43] in which he recommended that defendant's motion to suppress evidence seized in this case [Doc. 33] be granted. Thus, Judge Shirley recommended that all evidence seized from defendant's grandmother's residence on March 15, 2010 and on March 17, 2010, be suppressed.

The magistrate judge determined that the officers did not obtain valid consent from defendant's grandmother prior to the warrantless search of the bedroom used by defendant at his grandmother's residence, and that the items seized would not have been inevitably discovered during the execution of a search warrant on March 17, 2010. Further, the magistrate judge found that the March 17 search warrant was facially deficient due to

its lack of particularity regarding the items to be seized, and that the execution of the search warrant was not saved by the good faith doctrine.

This matter is presently before the court on the government's timely objections to the R&R [Doc. 46]. The defendant has not responded to the government's objections, nor filed any objections to the R&R. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which the government objects. For the reasons that follow, the court rejects the R&R in part, finding that defendant's motion to suppress evidence should be denied, and that the evidence seized during the warrantless search conducted on March 15, 2010, as well as the evidence obtained from the March 17, 2010 search conducted pursuant to the search warrant is admissible at trial.

**A. Warrantless Search of the Residence on March 15, 2010**

The magistrate judge found that after being unable to obtain secure Ms. Anderson's (defendant's grandmother) verbal consent to search, or Mr. Dixon's permission to search, Officer Huddleston asked about the location of the defendant's bedroom. Ms. Anderson told the officers that the defendant's bedroom was beside her room but that he sometimes slept in the guest bedroom. The magistrate judge found that "while Officer Huddleston may have believed that Ms. Anderson agreed to the search of her home based upon her pointing out the location of the guestroom and his inexperience, Ms. Anderson did not, in fact, give consent." The government contends that even if the officers were mistaken as to whether they had Ms. Anderson's consent to search the residence, all of the

items seized during the "consent" search on March 15 are admissible because the officers would have legally and inevitably discovered them in the March 17 search pursuant to a search warrant.

The inevitable discovery doctrine "allows unlawfully obtained evidence to be admitted at trial if the government can prove by a preponderance that the evidence inevitably would have been acquired through lawful means." *United States v. Taylor*, 248 F.3d 506, 514 (6th Cir. 2001). Here, it is reasonable to conclude that, upon executing the search warrant, the exact same items that were discovered by the officers during the "consent search" – the black assault rifle, red cellular telephone, diamond-like earrings, and red lanyard – would have been found by the officers executing the search warrant on March 17. In fact, the magistrate judge found that if the search warrant were valid, it would provide a basis for application of the inevitable discovery doctrine. As discussed below, the undersigned finds that the search warrant was valid. Accordingly, the court further finds that the evidence seized during the warrantless search on March 15 would have been found pursuant to the search warrant's execution, and that this evidence is admissible at trial.

**B. Search Conducted Pursuant to a Search Warrant on March 17, 2010**

The magistrate judge found that because the defendant's grandmother had not given the officers consent to search the residence on March 15, 2010, the reference to the "consent search" and its results must be elided from the search warrant affidavit. The magistrate judge also found that the affidavit contains probable cause for the search

warrant to issue, even without the inclusion of the information relating to the March 15 search. However, the magistrate judge found that the search warrant fails to meet the particularity requirement of the Fourth Amendment because it fails to list the items to be seized. Therefore, the magistrate judge found the search warrant to be invalid.

The government objects to the magistrate judge's finding that the search warrant was invalid, arguing that the search warrant was not facially deficient because it particularly described the crime and the items to be seized, and it enabled the officers to reasonably identify the items authorized to be seized.

As noted by the magistrate judge, the Fourth Amendment requires that "[n]o warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. "The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." *United States v. Gardiner*, 463 F.3d 445, 471 (6th Cir. 2006). The degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought. *United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988). When analyzing a search warrant, the court should use a "commonsense and realistic reading of the search warrant." *United States v. Dunn*, 269 Fed. Appx. 567, 571 (6th Cir. 2008). "The Constitution does not require that an actual 'list' be included in the search warrant, if a reasonable officer is sufficiently limited in what can be seized, then the search warrant is particular." *United States v. Taylor,* 2010 U.S. Dist. LEXIS 81769, *6 (E.D.Ky. Aug. 11, 2010).

-4-

Case 3:10-cr-00043-TWP-CCS   Document 52   Filed 10/11/11   Page 4 of 6   PageID #: 379

The search warrant in this case identifies the items to be seized as follows:

> On or about March 15, 2010 the night clerk of the Oak Ridge Hampton Inn Hotel reported an armed robbery that occurred at approximately 4:52 AM. A lone gunman armed with a black assault rifle and wearing a dark colored "stocking mask" over his face confronted the night clerk at gunpoint and demanded the cash from the cash drawer. The gunman fled the business after stealing the cash from the night clerk. The night clerk recognized the gunman as the same subject who had entered the hotel approximately ten to fifteen minutes earlier inquiring about renting a room. When the subject entered the hotel inquiring about room rentals he was wearing a dark colored Atlanta Braves Baseball cap with the letter "A" on the front, a red hooded pullover, dark shirt, a red lanyard around his neck, and dark colored shoes. The night clerk observed the white four-door vehicle driven by the subject when he entered the hotel and inquired about the room rental. The night clerk observed the same white four-door vehicle drive into the parking lot just before the gunman entered the hotel and robbed the clerk.

The search warrant states that "[s]aid evidence is now located on and within the residence of 108 Houston Avenue, Oak Ridge, Tennessee."

The court finds that the search warrant meets the particularity requirements of the Fourth Amendment because the officers were limited to seizing the items specifically contained in the seizure paragraph. The seizure paragraph includes clothing worn by the robber, the weapon used to facilitate the robbery, and the money stolen during the robbery as the items to be seized. Accordingly the court finds that the search warrant is sufficiently particular. *See United States v. Hicks*, 1999 WL 777304, *3 (6th Cir.). Even if the black assault rifle and red lanyard, which were seized during the search on March 15, are elided from the search warrant, the warrant particularly describes other items from the robbery – stocking mask, Atlanta Braves cap, red hooded pullover, dark shirt, dark colored shoes –

and establishes probable cause that these items were located at Ms. Anderson's residence. Accordingly, the court finds that the search warrant meets the particularity requirements of the Fourth Amendment, and all evidence seized pursuant to the execution of the search warrant is admissible at trial.

## Conclusion

For the foregoing reasons, the government's objections to the R&R [Doc. 46] are **SUSTAINED**, whereby the R&R [Doc. 43] is **REJECTED in part.** Accordingly, defendant's motion to suppress evidence [Doc. 33] is **DENIED** in its entirety, whereby the court will allow the introduction of the evidence seized from defendant's residence on March 15, 2010 and on March 17, 2010, at the trial of this matter, which is presently set for December 13, 2011.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge